**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3595-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRANDON C. JACKSON,

    Defendant-Appellant.

_____

Submitted May 24, 2018 — Decided June 12, 2018

Before Judges Reisner and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Indictment No.
09-04-0733.

Joseph E. Krakora, Public Defender, attorney
for appellant (Janet A. Allegro, Designated
Counsel, on the briefs).

Joseph D. Coronato, Ocean County Prosecutor,
attorney for respondent (Samuel Marzarella,
Chief Appellate Attorney, of counsel; Shiraz
Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Brandon C. Jackson appeals from a November 30, 2016 order denying his petition for post-conviction relief (PCR). We affirm.

Defendant was convicted by a jury of the following offenses: second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree aggravated assault causing serious bodily injury, N.J.S.A. 2C:12-1(b)(7); two counts of third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). After merger, the trial court sentenced defendant to a term of eight years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, for second-degree aggravated assault on one victim, and a consecutive term of four years, two years to be served without parole, for third-degree aggravated assault on a second victim.

We affirmed defendant's conviction and sentence on direct appeal. State v. Jackson, No. A-0503-12 (App. Div. Oct. 13, 2015). Defendant then filed a PCR petition asserting multiple claims, including an assertion that his trial attorney failed to interview witnesses and failed to effectively negotiate a plea agreement. In an oral opinion issued on November 30, 2016, Judge James M. Blaney rejected all of defendant's PCR arguments. He noted that

some of the arguments were bald assertions, with no certifications to support them, some were barred because they were already raised and decided on direct appeal, R. 3:22-5, and others were barred because they could have been raised on direct appeal, R. 3:22-4.

On this appeal, defendant raises only one of his PCR claims, in the following point:

> POINT I: THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE EFFECTIVE LEGAL REPRESENTATION.
>
> (A) THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARISING OUT OF EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.
>
> POINT II: TRIAL COUNSEL'S FAILURE TO INTERVIEW DEFENSE WITNESSES PRIOR TO TRIAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

We affirm for the reasons stated in Judge Blaney's opinion, adding only the following comments. To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than "bald assertions." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant did not meet that standard here. He did not provide certifications from any witnesses whom he claimed his attorney should have interviewed sooner. Moreover, the one witness named

in defendant's appellate brief — Chase Ruggiero — testified at the trial. It is clear from the transcript of the first day of trial, March 6, 2012, that defense counsel already knew the gist of Ruggiero's possible trial testimony, because Ruggiero had testified before the grand jury. Defense counsel had the grand jury transcript and described the testimony on the record, in defendant's presence.

Further, in his PCR petition, defendant did not certify that he would have accepted a plea bargain, had he known sooner what Ruggiero, or any other witness, was likely to say in trial testimony. And the record would not support such a claim. On March 6, 2012, the trial judge gave defendant one last chance to accept a plea bargain, after defendant heard his attorney's description of Ruggiero's grand jury testimony and the prosecutor's description of the State's evidence.

In summary, defendant did not present a prima facie case of ineffective assistance and was not entitled to an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-3595-16T2